IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PENSACOLA BEACH MARINA,
LLC,
    Plaintiff,

vs.                                       CASE NO.:  3:08cv230/MD

VITAMIN SEA OF PENSACOLA
BEACH, INC. ; SEARS' MARKET
ON THE ISLAND, INC.; and
the M/V VITAMIN SEA.
    Defendants.
_____

CONSENT FINAL JUDGMENT *IN REM* AND
ORDER OF SALE OF DEFENDANT VESSEL

    This case was referred to the undersigned magistrate judge for disposition pursuant to the authority of 28 U.S.C. § 636(c) based on consent by the parties to magistrate judge jurisdiction.  The court having been advised that Plaintiff and Defendant have settled their respective claims and defenses via mediation, and entry of a consent judgment *in rem* being a condition of the parties' settlement, it is ORDERED as follows:

    1.    Plaintiff's Unopposed Motion for Entry of Consent Final Judgment *in Rem* (doc. 23) is hereby GRANTED.

    2.    Plaintiff has a valid and subsisting Preferred Ship's Mortgage Lien upon M/V VITAMIN SEA, VIN 939165, her boilers, engines, tackle, equipment, freight, appliances, appurtenances, plans, drawings, schematics, sails, tenders, etc. in the amount of $40,000, with interest thereon at 18% from March 1, 2008, to October 14, 2008, in the amount of $4,417.28, and $17,000 as the costs of this action, for a total of $61,417.28, all of which to be settled and taxed at the time of distribution of the proceeds of the sale of the

Defendant vessel. Plaintiff's lien as set forth herein is superior to any right, title, interest, claim, or estate of all others in and to M/V VITAMIN SEA, VIN 939165, her boilers, engines, tackle, equipment, freight, appliances, appurtenances, plans, drawings, schematics, sails, tenders, etc., including but not limited to any lien asserted by Frank H. Cooper, as Trustee under the Revocable Trust Agreement of Frank H. Cooper, dated October 19, 1994, more particularly described in paragraph 3 below.

3. Frank H. Cooper, as Trustee under the Revocable Trust Agreement of Frank H. Cooper, dated October 19, 1994 (hereinafter "Frank Cooper"), has a valid and subsisting Preferred Ship's Mortgage Lien upon M/V VITAMIN SEA, VIN 939165, her boilers, engines, tackle, equipment, freight, appliances, appurtenances, plans, drawings, schematics, sails, tenders, etc. in the amount of $59,030.86, with interest thereon in the amount of $849.00 from August 2, 2008, to October 14, 2008, for a total of $59,879.86, all of which to be settled and taxed at the time of distribution of the proceeds of the sale of the Defendant vessel.

4. The M/V VITAMIN SEA, VIN 939165, her boilers, engines, tackle, equipment, freight, appliances, appurtenances, plans, drawings, schematics, sails, tenders, etc. shall be condemned and sold by the United States Marshal at Public Auction to pay the same. The date for such public auction shall be set by the United States Marshal after publication of Notice of the Sale as required by the rules of this Court.

5. Plaintiff, Pensacola Beach Marina, LLC, is authorized to bid all or part of the principal amount of its judgment *in rem*, $61,417.28 (hereinafter, "Plaintiff's Judgment Amount"), in lieu of cash at the Marshal's Sale of the Defendant vessel, providing, however, that if Plaintiff is the successful bidder, that Plaintiff shall be responsible for payment of the Marshal's fees, costs, and such commissions associated with the sale. Subject to Plaintiff's right to bid all or part of Plaintiff's Judgment Amount at the Marshal's sale and provided that Frank Cooper deposits Plaintiff's Judgment Amount in readily available funds, Frank Cooper is authorized to bid all or part of the principal amount of his judgment *in rem*, $59,608.18, over and above Plaintiff's Judgment Amount in lieu of cash at the Marshal's Sale of the Defendant vessel, providing, however, that if Frank Cooper is

the successful bidder, that Frank Cooper shall be responsible for payment of the Marshal's fees, costs, and such commissions associated with the sale.

      6.      The proceeds of any sale by the Marshal as set forth in this judgment shall first be paid to Plaintiff in the amounts set forth in paragraph 2, and any surplus shall be payable to Frank Cooper in the amounts set forth in paragraph 3.  Should there be any surplus after payment of the sale proceeds to Plaintiff and Frank Cooper, said surplus shall be payable to Defendants.

      7.      Upon the sale by the Marshal, all defendants herein, Frank Cooper and any and all persons claiming by, through or under or any of them since September 10, 2008, which is the date of the filing of the Notice of Action *In Rem* and Arrest of Vessel, shall be forever barred and foreclosed of and from any and all right, title, interest, lien, estate, property, possession, demand or equity of redemption of any kind or nature whatsoever in and to M/V VITAMIN SEA, VIN 939165, her boilers, engines, tackle, equipment, freight, appliances, appurtenances, plans, drawings, schematics, sails, tenders, etc., and the purchaser at the Marshal's sale and said purchaser's representatives or assigns shall be let into possession of said property.

      8.      Pursuant to the terms of the Mediation Settlement Agreement between Plaintiff and Defendants, Plaintiff shall not recover any deficiency judgment against Defendants.

DONE AND ORDERED at Pensacola, Florida, this 23rd day of October, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE